**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4741**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRADLEY SHANE SHEPPARD,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., District Judge.  (CR-04-420)

———————————

Submitted:  August 24, 2005          Decided:  November 2, 2005

———————————

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bradley Shane Sheppard pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). He was sentenced as an armed career criminal to 180 months in prison. See 18 U.S.C. § 924(e)(1) (2000); United States Sentencing Guidelines § 4B1.4 (2003). Sheppard now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one claim but stating that, in his opinion, there are no meritorious issues for review. Upon notification of his right to do so, Sheppard filed a pro se supplemental brief. We affirm.

Section 924(e)(1) provides in relevant part that "[i]n the case of a person who violates section 922(g) . . . and has three prior convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years."[1] Counsel's Anders brief discusses whether Sheppard had been convicted of the three predicate violent felonies, and

---

[1]Recently, we held that a district court's finding that a defendant had qualifying felony convictions that supported an armed career criminal designation does not violate United States v. Booker, 125 S. Ct. 738 (2005). See United States v. Cheek, 415 F.3d 349 (4th Cir. 2005); see also United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) (holding that "Booker did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence.")

Sheppard argues the point extensively in his pro se supplemental brief.

The record indicates the requisite three predicate violent felonies: a 1995 conviction for burglary of a dwelling, a separate 1995 conviction for burglary of a dwelling, and a 2002 conviction for assault and battery of a high and aggravated nature. Sheppard asserts that the burglary convictions are non-violent. However, burglary of a dwelling satisfies the requirement of the statute. See 18 U.S.C.A. § 924(e)(2)(B)(ii); Taylor v. United States, 495 U.S. 575, 599 (1990). Therefore, we hold that, for the purpose of the armed career criminal determination, Sheppard had the necessary three predicate violent felony convictions.[2]

Sheppard also argues that he was denied effective assistance of counsel during his plea and sentencing. Ineffective assistance claims are not generally addressed on direct appeal unless it appears conclusively from the record that the appellant received ineffective assistance of counsel. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Such claims generally should be raised by a motion under 28 U.S.C. § 2255 (2000). Id.

---

[2]Sheppard also contends that insufficient evidence exists to support the base offense of possession of a firearm as a felon, arguing that the weapon he possessed did not affect interstate commerce; however, we find that he acknowledged that the weapon did affect interstate commerce during the guilty plea hearing.

- 3 -

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Sheppard's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that petition be filed, but counsel believe that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>